**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

RONALD SATISH EMRIT,

                Plaintiff,

        v.

THE GRAMMY AWARDS ON CBS,

                Defendant.

Case No. 3:24-cv-00017-SLG

## <u>ORDER OF DISMISSAL</u>

On January 9, 2024, self-represented litigant Ronald Satish Emrit ("Plaintiff") filed a complaint, a civil cover sheet, and an application to proceed without paying the filing fee.[1]  On January 17, 2024, the Court issued its Standard Order for Self-Represented Litigants.[2] Then, on March 6, 2024, Plaintiff filed a Notice of Appeal arguing "the lower court judge" erred in dismissing his case as "frivolous, non-meritorious, or malicious."[3]  The filing of a notice of appeal generally "divests the district court of its control over those aspects of the case involved in the appeal."[4] However, an appeal from an unappealable decision does not divest a district court

---

[1] Dockets 1–3.

[2] Docket 4.

[3] Docket 5.

[4] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted).

of subject matter jurisdiction.[5]  Additionally, a federal court may certify an appeal as frivolous and retain subject matter jurisdiction to proceed before an appellate decision issues.[6]

At the time Plaintiff's Notice of Appeal was filed, the Court had not issued any appealable interlocutory orders or a final judgment in this case. Therefore, the Court proceeds to conduct its mandatory screening of the Complaint pursuant to 28 U.S.C. §§ 1915, 1915A.  Upon review, the Complaint lacks any basis upon which the Court can establish it has personal jurisdiction over the named Defendant or could be considered a proper venue for this action.[7] As an initial matter, in Plaintiff's jurisdictional statement, he asserts that the U.S. District Court for the District of Washington should have jurisdiction over this case.[8] Then, Plaintiff claims to be a resident of either Florida and Maryland (spending half the year in each state) and claims Defendant's principal place of business is in Los

---

[5] *United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009).

[6] *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790-791 (9th Cir. 2018) (internal citations and quotation marks omitted).

[7] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[8] *See* Docket 1 at 3, ¶¶ 9-10.  There are in fact two federal court districts in the state of Washington.

Angeles, which is in the Central District of California.[9] Lastly, none of the alleged events took place in Alaska.

Further, the Court finds the Complaint is frivolous and duplicative of lawsuits Plaintiff has recently filed against the "Grammy Awards on CBS" in at least four other federal district courts in the Ninth Circuit.[10] Additionally, Plaintiff has been determined to be a vexatious litigant in at least six district courts,[11] and the Ninth Circuit has also entered a pre-filing review order against Plaintiff.[12] Therefore, the Court finds that according leave to file an amended complaint in this case would be futile.[13]

Finally, the Court also finds Plaintiff's premature appeal to be frivolous, and any appeal of this order would be frivolous.

Based on the foregoing, the Court finds that this action must be dismissed.

---

[9] *See* Docket 1 at 2 ("plaintiff is [a] ... resident of the state of Florida and Maryland[;]" and "defendant ... has a principal place of business ... in Santa Monica ...").

[10] *See, e.g., Emrit v. Grammy Awards on CBS,* Case No. CV 24-00012 DKW-RT, 2024 WL 989805 (D. Haw. 2024); *Emrit v. Grammy Awards on CBS,* Case No. 1:24-CV-00060-CL, 2024 WL 169680 (D. Or. 2024); *Emrit v. Grammy Awards,* Case No. 24-CV-0081-BAS-BLM, 2024 WL 755738, at *1 (S.D. Cal. 2024); *Emrit v. Grammy Awards,* Case No. CV 23-8162-PA(E), 2023 WL 8600594 (C.D. Cal. 2023).

[11] *See Emrit v. Universal Music Grp.,* Case No. 3:19-CV-05984-BHS, 2019 WL 6251365, at *2 (W.D. Wash. 2019), *report and recommendation adopted,* Case No. C19-5984 BHS, 2019 WL 6251192 (W.D. Wash. 2019) (collecting cases).

[12] Docket 6; *In re: Ronald Satish Emrit,* Case No. 15-80221 (9th Cir. 2016).

[13] *See Parents for Privacy v. Barr,* 949 F.3d 1210, 1239 (9th Cir. 2020) (complaint dismissed without leave to amend because the problem was not the sufficiency of plaintiff's factual allegations but the failure of plaintiff's legal theories).

IT IS THEREFORE ORDERED:

1. Plaintiff's application to proceed without paying the filing fee at Docket 3 is **DENIED.**

2. This case is **DISMISSED**.

3. The Court certifies that any appeal from this disposition would not be taken in good faith.[14]

4. The Clerk of Court shall issue a final judgment and notify the Ninth Circuit Court of Appeals of the entry of this order.

DATED this 9th day of April 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[14] Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").